**John Ben HARRIS, II, Appellant,**

v.

**Louis HERBERS and Denise Herbers, Appellees.**

**No. 01–91–01156–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 8, 1992.

M. Brooks Royall, Houston, for appellant.

Robert H. West, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from an order terminating the parental rights of appellant, John Ben Harris, II, pursuant to TEX.FAM.CODE ANN. § 15.02 (Vernon Supp.1992). We affirm.

Background

Appellant, John Ben Harris, II, is the natural father of J.W.H. and J.N.H., and Jeanne Vanaernam Harris the natural mother. Both parents were arrested in Florida for felony theft and receiving stolen property in 1985, convicted, and placed on probation in 1986. In 1988, probation was revoked and both parents were incarcerated for their subsequent criminal activity. Upon being put in jail, appellant contacted his mother, Tena Barineau, in Texas asking her to consider caring for his children. Ultimately, when other arrangements made by appellant for the care of children did not occur, appellant again contacted Barineau in Texas. In July of 1988, Barineau took possession of the children and brought them to Texas. After consulting with both parents, Barineau began making arrangements for the adoption of the children in Texas. The mother of the children consented to placing the children for adoption and signed an affidavit of relinquishment of parental rights, and designated appellees to have all her parental rights, privileges, duties, and powers. Appellant did not relinquish his parental rights.

In January 1989, the children began residing with appellees, Louis Herbers and Denise Herbers, and a petition to terminate the parent-child relationship and for adoption was filed approximately one month later. In April of 1989, an interlocutory decree of termination was entered. Subsequently, the interlocutory decree was set aside and a new trial granted. The children's mother waived citation and notice and did not appear. Appellant appeared and was represented by appointed counsel.

After a full trial on the merits, the trial court found by clear and convincing evidence that appellant: (1) engaged in repeated criminal conduct before the filing of this suit that resulted in more than one incarceration in jails or penal facilities; (2) since the filing of this suit, has continued to engage in the criminal conduct of using illegal nonprescription controlled substances, that has resulted in his being admitted on more than one occasion to hospitals for treatment; (3) has failed to care for the subject children physically and emotionally, all of which consists of engaging in conduct that endangers the physical or emotional well-being of the subject chil-

dren. The trial court also found by clear and convincing evidence that appellant has not been and is not able, because of his conduct, to care for the subject children in the present or the future, physically and emotionally, and that it is in the best interest of the children that appellant's parental rights be terminated. A judgment based upon the second amended petition for termination of the parent-child relationship and petition for adoption was entered by the trial court on July, 26, 1991.

**Termination of parental rights under section 15.02**

In his first and second points of error, appellant argues the trial court erred in finding that he engaged in conduct that endangered the physical or emotional well-being of his children and that it would be in the best interest of the children to terminate his parental rights because these findings are against the great weight and the clear and convincing evidence. We disagree.

Section 15.02 of the Texas Family Code governs involuntary termination of parental rights. The trial court's termination order reflects that its decision to terminate appellant's parental rights is based on subsections (1)(E) and (2) of section 15.02, which state:

> A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:

> (1) the parent has:

>> (E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; and the court further finds that

> (2) termination is in the best interest of the child.

TEX.FAM.CODE ANN. § 15.02(1)(E), (2) (Vernon Supp.1992).

To support the trial court's ruling, we must find that appellees produced evidence that appellant engaged in conduct described in subsection (1)(E) and that it was in the best interest of the child to terminate appellant's parental rights.

The termination of parental rights involves fundamental constitutional rights. *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212–13, 31 L.Ed.2d 551 (1972). Thus, the evidence supporting the findings to terminate parental rights must be clear and convincing, not just preponderate. *In the Interest of G.M.*, 596 S.W.2d 846, 847 (Tex.1980); *Clark v. Dearen*, 715 S.W.2d 364, 365 (Tex.App.—Houston [1st Dist.] 1986, no writ). The clear and convincing standard of proof is intentionally placed on the party seeking the termination of the parental rights, so as to create a higher burden to fulfill, because of the severity and permanence of the termination of the parent-child relationship. *Doria v. Texas Dep't of Human Resources*, 747 S.W.2d 953, 959 (Tex.App.—Corpus Christi 1988, no writ). This standard requires more proof than the preponderance of the evidence standard in civil cases, but less than the reasonable doubt standard in criminal cases. *In the Interest of G.M.*, 596 S.W.2d at 847; *Brantmeier v. Brazoria Protective Serv. Unit*, 661 S.W.2d 234, 235 (Tex.App.—Houston [1st Dist.] 1983, no writ). The clear and convincing standard is the degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be proved. *In the Interest of G.M.*, 596 S.W.2d at 847.

On the appeal of a fact finding made by clear and convincing evidence, we review the record to determine if the trial court could reasonably find that the fact was highly probable. *See Williams v. Dep't. of Human Serv.*, 788 S.W.2d 922, 926 (Tex.App.—Houston [1st Dist.] 1990, no writ). Under this standard, we must consider whether the evidence was sufficient to produce in the mind of the fact finder a firm belief or conviction as to the truth of the facts. *In the Interest of P.S.*, 766 S.W.2d 833, 835 (Tex.App.—Houston [1st Dist.] 1989, no writ).

Before parental rights may be terminated, there must be a finding of specific conduct under section 15.02, as well as a finding that termination is in the best interest of the child. *Richardson v. Green*, 677 S.W.2d 497, 499 (Tex.1984). The trial court may not terminate the parent-child relationship solely on the finding that it is in the best interest of the child. *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). Before it can terminate parental rights, the court must also find that the parent engaged in conduct described in subsection (1)(E). Under subsection (1)(E), appellees must show that appellant engaged in conduct or placed the child with persons who engaged in conduct that endangers the child's physical or emotional well-being. The source of the danger to the child must be the parent's conduct, either the parent's acts or omissions. *In the Interest of S.H.A.*, 728 S.W.2d 73, 85 (Tex.App.—Dallas 1987, no writ).

Appellees argue that evidence of appellant's criminal history, imprisonment, attempted suicide, and illegal drug use supports the trial court's termination of his parental rights pursuant to section 15.-02(1)(E).

While mere imprisonment will not, standing alone, constitute engaging in conduct that endangers the physical or emotional well-being of the child, *Crawford v. Crawford*, 569 S.W.2d 505, 507 (Tex.Civ. App.—San Antonio 1978, no writ), where all the evidence, including imprisonment, shows a course of conduct that has the effect of endangering the physical or emotional well-being of the child, a finding under section 15.02(1)(E) is supportable. *Texas Dep't. of Human Serv. v. Boyd*, 727 S.W.2d 531, 533–34 (Tex.1987). If the imprisonment of the parent displays a voluntary, deliberate and conscious course of conduct, it qualifies as conduct that endangers the emotional well-being of the child. *In the Interest of Guillory*, 618 S.W.2d 948, 950–51 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ).

The record reflects appellant admitted to repeated criminal activity, both before and after the birth of his children.[1] This activity, which occurred between 1985 and 1990, includes arrests for theft,[2] possession of a controlled substance, possession of drug paraphernalia,[3] criminal trespass, possession of a concealed weapon, resisting arrest and aggravated assault of a police officer while in jail, and disorderly conduct, and outstanding warrants for traffic violations. Even after coming to Texas in 1989 as a result of this suit and knowing that his parental rights were in jeopardy, appellant admitted to continued criminal activity. Such activities certainly would support the findings of the trial court. The questioned conduct need not be directed toward his children or cause them physical injury to constitute conduct that endangers the emotional well-being of his children. *Allred v. Harris County Child Welfare Unit*, 615 S.W.2d 803, 806 (Tex.App.— Houston [1st Dist.] 1980, no writ).

Appellant also testified to several suicide attempts in 1986 and 1987 by attempting to hang himself, by overdose, and by slitting his wrists. Appellant further admitted to drug and alcohol abuse, including the use of crack cocaine, amphetamines, and marijuana. Despite being admitted into a drug treatment facility in 1989 for admitted cocaine abuse, appellant continued to abuse drugs. This continued drug usage is aggravated by what appears from the record to be poor physical health and chronic seizure disorder. In fact, appellant admitted to using drugs only two months before the date of trial.

---

1. Appellant's course of willful criminal activity with knowledge of his wife's pregnancy and possible consequences of his course of conduct implies a conscious disregard and indifference for his parental responsibilities.

2. Appellant admitted to being arrested for theft in Houston, El Paso, and Corpus Christi.

3. This arrest resulted in revocation of appellant's probation for a 1988 conviction for grand theft.

Appellant's voluntary, conscious course of conduct is such that we find ample evidence to support the trial court's termination of appellant's parental rights under section 15.02(1)(E). Likewise, after consideration of the factors set out in *Holley,* and the evidence before the trial court, we find the evidence supports the trial court's finding that the best interest of the children will be served by terminating appellant's parental rights. *Holley,* 544 S.W.2d at 372.

Appellant's first and second points of error are overruled.

Adoption

■■■ In his third, fourth, and fifth points of error, appellant argues the trial court erred in granting the adoption of his children by appellees because (1) his mother was not authorized to place the children for adoption, in violation of chapter 42, of the Human Resources Code; (2) the children were transported across state lines in violation of chapter 45, of the Human Resources Code; and (3) appellees' pleadings did not comply with section 11.08(d) of the Texas Family Code, which requires a sworn allegation that there has been compliance with chapter 45, of the Human Resources Code.

Appellant contends that because Barineau is not licensed as "a child-placing agency" as defined by TEX.HUM.RES.CODE ANN. § 42.0021(12) (Vernon 1990), that the trial court erred in granting appellees' petition for adoption. Appellant also asserts the trial court erred in granting the adoption because of alleged violations of chapter 45, of the Human Resources Code, which governs the interstate placement of children. Appellant does not cite us to any authority, nor have we found any authority, supporting his contention that appellees were required to comply with chapter 42 or 45 of the Human Resources Code, in order to have a valid adoption.

The record reflects the children resided and were under the exclusive care of Barineau for six months prior to being placed with appellees. The children were brought to Texas at the request of appellant, and placed for adoption by Barineau, who is not a party in the instant appeal. Any alleged statutory violations should be directed at Barineau and not appellees.

Appellant further contends that appellees did not comply with the pleading requirements of TEX.FAM.CODE ANN. § 11.08(d) (Vernon Supp.1992). Section 11.08(d) requires a petition for adoption to contain a sworn allegation that there has been compliance with chapter 45, of the Human Resources Code, or if there has not been compliance, a sworn statement of the particular reasons for that noncompliance. Appellant asserts this complaint for the first time on appeal and has waived his right to assert any pleading defects. TEX. R.APP.P. 52(a).[4]

Appellant's third, fourth, and fifth points of error are overruled.

The judgment is affirmed.

■■■

---

**4.** Furthermore, the instant petition was filed before the effective date of June 14, 1989, of section 11.08(d).