Morris v. Tex Farmers Ins 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-022-CV

Â Â Â Â Â LYNN NORMAN MORRIS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â TEXAS FARMERS INSURANCE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # 302-92
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â FACTUAL BACKGROUND
Â Â Â Â Â Â Morris appeals the granting of a summary judgment in favor of Texas Farmers Insurance
Companies (Farmers). He sustained serious injuries as the result of a March 18, 1991, automobile
accident in Johnson County near Burleson in which he was driving a car owned by Todd Whiteley
and insured by Farmers. Morris was rear-ended by a vehicle driven by Myra Carter and insured
by State Farm Mutual Automobile Insurance Company (State Farm). Morris filed a liability claim
with State Farm, the third-party carrier, and against his own underinsured motorist carrier,
Allstate Insurance Company (Allstate). Morris also made a claim for underinsured motorists
benefits from Farmers, the uninsured motorist-underinsured motorist (UM-UIM) carrier of the
owner of the car that Morris had been driving at the time of the accident.
Â Â Â Â Â Â Initially, Farmers denied that it covered the Whiteley vehicle. After later admitting that it did
in fact have insurance on the car owned by Whiteley, Farmers then claimed it was relieved of
liability because Morris had allegedly settled his third-party claim against Carter and State Farm
without Farmers' consent. While Morris' underinsured motorist suit was pending against
Farmers, Farmers filed and was granted a summary judgment on October 22, 1993. We will
reverse and remand. 
Â Â Â Â Â Â Since this case was tried and the appellate process begun, the Texas Supreme Court has issued
its opinion in Hernandez v. Gulf Group Lloyds, 37 Tex. Sup. Ct. J. 731 (April 30, 1994). In
Hernandez, the precise question facing the Supreme Court was whether an insurer may deny a
UM/UIM motorist claim on the basis of a "settlement without consent" exclusion clause absent
any showing that the settlement prejudiced the insurerâexactly the same question we must answer
in the case before us. The Supreme Court held that "an insurer may escape liability on the basis
of a settlement-without-consent exclusion only when the insurer is actually prejudiced by the
insured's settlement with the tort-feasor." Hernandez at 732. (Emphasis supplied). The facts of
Hernandez are analogous to those in the present case, with one critical exception. In Hernandez,
the trial court in its findings and conclusions stated that Gulf, the insurer of the tort-feasor, had
suffered no material prejudice because of the Hernandezes' failure to comply with the settlement-without-consent exclusion and that "invocation of the exclusion would deprive the Hernandezes
of protection required under the Texas Uninsured/Underinsured Motorist Statute, Tex. Ins. Code
Ann. art. 5.06-1 (Vernon 1981)". Id at 733.
Â Â Â Â Â Â The Hernandezes did not dispute the validity of the settlement-without-consent exclusion. See
Guaranty County Mut. Ins. Co v. Kline, 845 S.W.2d 810, 811 (Tex. 1992). They argued, and the
Supreme Court agreed, that such an exclusion is unenforceable without a showing by the insurer
that it has been prejudiced by the insured's failure to obtain consent. Hernandez at 732. 
Moreover, the Supreme Court in Hernandez further stated that, because insurance policies are
contracts, they are subject to the rules that generally govern contracts. Id. at 732. And, a basic
tenet of contract law is that, when one party to a contract commits a material breach, the other
party is excused from any obligation he would have otherwise been expected to perform under the
contract. Id. In evaluating the materiality of a breach, the courts will consider, among other
factors, the extent to which the nonbreaching party will be deprived of the benefit that it could
reasonably have anticipated from the performance. Id. at 733. 
Â Â Â Â Â Â Â In this context, there may be instances when an insured's settlement without the insurer's
consent prevents the insurer from receiving the anticipated benefit from the contract; that is, the
settlement may destroy a valuable subrogation right. For example, in Liberty Mut. Ins. Co. v.
Cruz, S.W.2d (Tex. 1994), the insured's failure to provide notice of suit prejudiced the
insurer as a matter of law. In other instances, the insurer may not be deprived of the contract's
expected benefit because any extinguished subrogation right has no value and thus the insured's
breach would not be material. Hernandez at 733. The Supreme Court thus held in Hernandez that
an insurer who is not prejudiced by an insured's settlement may not deny coverage under a
UM/UIM policy that contains a settlement-without-consent clause. Id. at 733-34.
Â Â Â Â Â Â Thus, under Hernandez, we must conclude that in light of the summary-judgment evidence,
Farmers failed to prove as a matter of law that it had been prejudiced and that Morris had
committed a material breach of the policy. In Hernandez, the insurer had stipulated, in addition
to other relevant matters, that it had not been prejudiced because the tort-feasor had no assets other
than the State Farm policy. Id. at 733. Farmers is thus not excused from its obligation to perform
under the UM-UIM contract as a matter of law. We reverse the summary judgment in favor of
Farmers and remand to the trial court for trial on the merits to resolve the disputed factual issues.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOBBY L. CUMMINGS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Reversed and remanded
Opinion delivered and filed July 13, 1994
Do not publish



66; H.D.H., 127 S.W.3d at 923.

Adequacy of Statement of Points

   The Department contends that DonaldÂs
stated points are too general to satisfy the requirements of section
263.405(i).Â  See Tex. Fam. Code
Ann. Â§ 263.405(i) (Vernon Supp. 2007).Â  That statute provides in
pertinent part, ÂÂ Â Â Â Â Â Â  [A] claim that a judicial decision is contrary to the
evidence or that the evidence is factually or legally insufficient is not
sufficiently specific to preserve an issue for appeal.ÂÂ  Id.

Â Â Â Â Â Â Â Â Â Â Â  The Department cites a decision by
this Court and one by the Fourteenth Court of Appeals in which general
statements of points were held insufficient.[6]Â  See
In re J.W.H., 222 S.W.3d 661 (Tex. App.ÂWaco 2007, no pet.); In re C.M.,
208 S.W.3d 89 (Tex. App.ÂHouston [14th Dist.] 2006, no pet.).Â  In J.W.H.,
the appellantÂs statement of points asserted that the Department Âdid not meet
the burden of proof at trial required for the termination of [HerringtonÂs]
parental rights.ÂÂ  J.W.H., 222 S.W.3d at 662.Â  We held that this
statement was not sufficiently specific to satisfy section 263.405(i).Â  Id.

Â Â Â Â Â Â Â Â Â Â Â  In C.M., the appellant did not
even file a statement of points, but the court of appeals briefly addressed a
statement contained in her notice of appeal which read, ÂCrystal Doyle desires
to appeal from all portions of the judgment.ÂÂ  C.M., 208 S.W.3d at 92
n.3.Â  The Fourteenth Court held that this statement was not sufficiently
specific to satisfy section 263.405(i).Â  Id.

Â Â Â Â Â Â Â Â Â Â Â  Here, Donald contends in each of his
four points that Âthe evidence is factually insufficient, and the findings in
the judgment are legally insufficientÂ to support the predicate finding for
termination addressed in that point. Â We construe these to be complaints that
there is factually insufficient evidence to support each of the trial courtÂs
four predicate findings for termination of his parental rights.Â  Because each
of the points is addressed to a particular predicate finding, we hold that they
are sufficiently specific to preserve these issues for appellate review under
section 263.405(i).

Dangerous Conduct

Â Â Â Â Â Â Â Â Â Â Â  Donald contends in his second point
that the evidence is factually insufficient to support the courtÂs finding
under section 161.001(1)(E) that he engaged in conduct which endangered S.T.Âs
physical or emotional well-being.

Â Â Â Â Â Â Â Â Â Â Â  At the section 263.405(d) hearing, the
Department asked the trial court to Âtake judicial notice of the trial and all
of the hearings that preceded the trial.ÂÂ  Donald objected to this request arguing
that there was no way he could challenge the veracity of the DepartmentÂs
assertions regarding the trial testimony without a transcript of those
proceedings.Â  The court overruled DonaldÂs objection and declared that it was
taking judicial notice of the trial and all prior hearings.Â  Because the court
took judicial notice of the prior proceedings, we will examine the testimony in
the trial record to evaluate whether the court abused its discretion by finding
DonaldÂs first point to be frivolous.[7]Â  See
In re S.T., 239 S.W.3d 452, 464 (Tex. App.ÂWaco 2007, order) (Gray, C.J.,
dissenting).

Â Â Â Â Â Â Â Â Â Â Â  The Supreme Court has set forth the
applicable standard of review for a factual insufficiency complaint in a parental-rights
termination case.

[A]s we explained in In re C.H., a court of
appeals must give due consideration to evidence that the factfinder could
reasonably have found to be clear and convincing.Â  We also explained in that
opinion that the inquiry must be Âwhether the evidence is such that a
factfinder could reasonably form a firm belief or conviction about the truth of
the StateÂs allegations.ÂÂ  A court of appeals should consider whether disputed
evidence is such that a reasonable factfinder could not have resolved that
disputed evidence in favor of its finding.Â  If, in light of the entire record,
the disputed evidence that a reasonable factfinder could not have credited in
favor of the finding is so significant that a factfinder could not reasonably
have formed a firm belief or conviction, then the evidence is factually
insufficient.

Â 

In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002) (quoting In re C.H., 89
S.W.3d 17, 25 (Tex. 2002)) (footnotes omitted).

Â Â Â Â Â Â Â Â Â Â Â  Although the factual sufficiency of
the evidence is not the immediate complaint under review, we must bear this
standard in mind when evaluating whether DonaldÂs second point has an arguable
basis in law or in fact. Â Thus, the issue before us is whether the court abused
its discretion by determining that the evidence is such that a factfinder could
have reasonably formed a firm belief or conviction that the DepartmentÂs
allegations are true. Â See K.D., 202 S.W.3d at 867-68.

Â Â Â Â Â Â Â Â Â Â Â  In Findings of Fact Nos. 17 and 18,
the court found that DonaldÂs rights should be terminated under section
161.001(1)(E) because he committed Âviolent acts in the presence of [S.T.]Â and
he committed unspecified Âcriminal acts.ÂÂ  In Finding of Fact No. 21(b), the
court generally found that DonaldÂs rights should be terminated under this
statutory ground because he Âengaged in conduct or knowingly placed the child,
[S.T.], with persons who engaged in conduct which endangers the physical or
emotional well-being of the child.Â

Â Â Â Â Â Â Â Â Â Â Â  The courtÂs specific findings recited
in Findings of Fact Nos. 17 and 18 control over the courtÂs more general
finding in Finding of Fact No. 21(b).[8]Â  See
Barclay, 387 S.W.2d at 647; Isern, 942 S.W.2d at 191; Lawson,
828 S.W.2d at 161; see also 4 McDonald
& Carlson, Â§ 20:6, at
23.Â  Therefore, we will examine the record to see whether there is factually
sufficient evidence to support the courtÂs findings that Donald endangered S.T.
by committing Âviolent acts in the presence of [S.T.]Â or unspecified Âcriminal
acts.Â

Â Â Â Â Â Â Â Â Â Â Â  With regard to the courtÂs finding
that DonaldÂs Âcriminal actsÂ justify termination of his parental rights,
Donald argues that there is no evidence how any of the charges against him may
have affected S.T.

Â Â Â Â Â Â Â Â Â Â Â  A parent may be found to have engaged
in conduct which endangers a child even if that conduct is not directed toward
the child.Â  Tex. DepÂt of Human Servs. v. Boyd, 727 S.W.2d 531,
533 (Tex. 1987); Vasquez v. Tex. DepÂt of Protective & Regulatory Servs.,
190 S.W.3d 189, 195 (Tex. App.ÂHouston [1st Dist.] 2005, pet. denied); In re
S.A.P., 169 S.W.3d 685, 702 (Tex. App.ÂWaco 2005, no pet.).Â  The requisite
endangerment may be found if the evidence shows a course of conduct by the
parent which has the effect of endangering the child.Â  Boyd, 727 S.W.2d at
534; Vasquez, 190 S.W.3d at 195; S.A.P., 169 S.W.3d at 702.

Â Â Â Â Â Â Â Â Â Â Â  Imprisonment standing alone will not
satisfy this test.Â  Boyd, 727 S.W.2d at 533; In re W.A.B., 979
S.W.2d 804, 807 (Tex. App.ÂHouston [14th Dist.] 1998, pet. denied); Harris
v. Herbers, 838 S.W.2d 938, 942 (Tex. App.ÂHouston [1st Dist.] 1992, no
writ).Â  But evidence of imprisonment may be considered with other evidence
tending to establish that the parent has engaged in a course of conduct which
has the effect of endangering the child, and collectively such evidence can
support a finding to this effect.Â  Boyd, 727 S.W.2d at 534; W.A.B.,
979 S.W.2d at 807; Harris, 838 S.W.2d at 942.Â  A court may properly
consider evidence of conduct both before and after the childÂs birth in
determining whether the relevant course of conduct has been established.Â  Toliver
v. Tex. DepÂt of Family & Protective Servs., 217 S.W.3d 85, 98 (Tex. App.ÂHouston [1st Dist.] 2006, no pet.); S.A.P., 169 S.W.3d at 703; In re
U.P., 105 S.W.3d 222, 234 (Tex. App.ÂHouston [14th Dist.] 2003, pet.
denied).Â  Evidence of illegal drug use by the parent is often cited as conduct
which will support an affirmative finding that the parent has engaged in a
course of conduct which has the effect of endangering the child.Â  See, e.g.,
Toliver, 217 S.W.3d at 98; In re T.C., 200 S.W.3d 788, 794 (Tex.
App.ÂFort Worth 2006, no pet.); U.P., 105 S.W.3d at 234.

Â Â Â Â Â Â Â Â Â Â Â  At the time of the termination trial,
Donald had charges pending against him for evading arrest in a vehicle,
tampering with evidence (destruction of marihuana), and possession of
marihuana.Â  He had prior arrests for reckless driving, aggravated assault,
unlawfully carrying a weapon, and terroristic threat.Â  In addition, he had
federal convictions for possession of marihuana with intent to distribute and
firearms violations.

Â Â Â Â Â Â Â Â Â Â Â  One month after Donald was arrested on
the pending charges (and eight months after the Department instituted these
proceedings), he took a drug test which indicated that he had used marihuana.Â  He
refused a second drug test which was requested by the Department two months
later.

Â Â Â Â Â Â Â Â Â Â Â  Donald testified that there is no
substance to the current charges against him.Â  The tampering with evidence charge
is based on allegations that he swallowed marihuana to avoid being arrested for
possessing it.Â  According to Donald, he was taken to a hospital on the night of
his apprehension Âand they took tests and they did not find any evidenceÂ that
he had swallowed any marihuana.Â  He denied that any marihuana was recovered
from his car on that occasion.Â  He testified that he had not smoked marihuana
for about fifteen months before trial.Â  He contended that his positive test
result was a false positive due to his use of ibuprofen at the time of the
test.

Â Â Â Â Â Â Â Â Â Â Â  The trooper who apprehended Donald on
the current charges testified about the facts leading to DonaldÂs apprehension,
and a video recording of the stop was admitted in evidence.Â  The trooperÂs
attention was called to DonaldÂs car because it did not have a front license
plate.Â  He turned around and activated his overhead lights and siren to stop
the car.Â  Donald slowed down but continued driving erratically for about two
miles, even though there was an improved shoulder on the highway where he could
have pulled over and stopped.

Â Â Â Â Â Â Â Â Â Â Â  As the ÂchaseÂ ensued, the trooper
noticed Donald throwing things out of the driverÂs window.Â  After Donald
stopped and he approached the car, he observed Donald doing something which
appeared Âas if he were eating the last potato chips out of a bag.ÂÂ  Because he
had observed Donald making several movements toward the passenger side of the
car, he was concerned that Donald might be armed, so he ordered Donald to exit
the car at gunpoint.Â  After cuffing Donald, the trooper forced him to open his
mouth and observed marihuana remnants, leading him to believe that Donald had
swallowed a quantity of marihuana.

Â Â Â Â Â Â Â Â Â Â Â  During a search of DonaldÂs car, the
trooper found three plastic bags containing marihuana residue which appeared to
have been ripped open by someoneÂs teeth.Â  He viewed this as consistent with
his theory that Donald had swallowed a quantity of marihuana.Â  He also found
two bags of marihuana which subsequent testing revealed to contain 13.68 grams,
a partially smoked marihuana roach in the ashtray, and a cardboard box
containing a dozen small plastic baggies which had not yet been used.

Â Â Â Â Â Â Â Â Â Â Â  To summarize, the Department presented
evidence of DonaldÂs involvement in marihuana trafficking both before S.T. was removed
from the home and after.[9]Â  The
record also contains evidence that Donald personally used marihuana both before
and after S.T.Âs removal.Â  The evidence that Donald engaged in this conduct
after S.T.Âs removal (and in violation of his 2006 deferred adjudication
community supervision for evading arrest in a vehicle) is an additional factor
supporting the decision to terminate because it constitutes evidence that
Donald continued to engage in conduct even though his parental rights were in
jeopardy.Â  See Toliver, 217 S.W.3d at 100; Vasquez, 190 S.W.3d at
196; In re J.T.G., 121 S.W.3d 117, 126-27 (Tex. App.ÂFort Worth 2003, no
pet.); Harris, 838 S.W.2d at 942.

Â Â Â Â Â Â Â Â Â Â Â  The evidence of DonaldÂs criminal
conduct, and in particular his involvement with marihuana, is such that the
trial court as factfinder could have reasonably formed a firm belief or
conviction that Donald engaged in conduct which endangered S.T.Âs physical and
emotional well-being.Â  See K.D., 202 S.W.3d at 868; see also J.F.C.,
96 S.W.3d at 266.Â  Therefore, we hold that the court did not abuse its
discretion by determining that DonaldÂs appeal is frivolous.Â  See K.D.,
202 S.W.3d at 868.Â  Accordingly, we overrule DonaldÂs second point.

Remaining Grounds for Termination

Â Â Â Â Â Â Â Â Â Â Â  The trial courtÂs findings of fact contain
affirmative findings on three predicate grounds for termination of DonaldÂs
parental rights.Â  Because we have found the evidence factually sufficient to
support the finding that Donald engaged in conduct which endangered S.T.Âs
physical and emotional well-being, we need not address the sufficiency of the
evidence to support the other two predicate grounds.Â  See In re T.N.F.,
205 S.W.3d 625, 629 (Tex. App.ÂWaco 2006, pet. denied).

Â Â Â Â Â Â Â Â Â Â Â  For termination of the parent-child
relationship, the factfinder must make an affirmative finding: (1) on at least
one predicate ground for termination; and (2) that termination is in the best
interest of the child.Â  See Tex.
Fam. Code Ann. Â§ 161.001 (Vernon Supp. 2007).Â  The eighth point in
DonaldÂs statement of points which he filed with the trial court asserts that
the evidence is factually insufficient to support the courtÂs finding the
termination is in S.T.Âs best interest.Â  The trial court determined in the
section 263.405(d) hearing that DonaldÂs eighth point Âis without merit and
frivolous.ÂÂ  Because Donald does not challenge this ruling in his appellantÂs
brief, we do not address the sufficiency of the evidence to support the
best-interest finding or the courtÂs determination that DonaldÂs eighth point
is frivolous.Â  See In re D.M., 244 S.W.3d 397, 403 (Tex. App.ÂWaco 2007,
no pet.) (Reyna, J., concurring) (ÂIt is well-settled that this Court cannot
address an issue in a civil appeal which has not been raised as an issue or
point of error in the appealing partyÂs brief.Â).

Appropriate Disposition

Â Â Â Â Â Â Â Â Â Â Â  The primary results of a trial courtÂs
determination under section 263.405(d) that an appeal is frivolous are: (1) the
appellant cannot obtain a complete copy of the appellate record without paying
for it himself; and (2) his appeal is limited to the issue of whether the court
abused its discretion in making this determination.Â  See Tex. Fam. Code Ann. Â§ 263.405(g); S.T.,
242 S.W.3d at 926; K.D., 202 S.W.3d at 865.Â  But section 263.405 does
not, on its face, prohibit an appellant from paying for the preparation of the
appellate record himself and pursuing an appeal on the merits, even when the
trial court has determined that the appeal is frivolous.

Â Â Â Â Â Â Â Â Â Â Â  Apparently for this reason, the Austin Court recently affirmed a trial courtÂs frivolousness determination but left open the
possibility that the appellant may choose to proceed on the merits.Â  See Vallejo v. Tex. DepÂt of Family & Protective Servs., No. 03-07-00003-CV, slip op.
at 6 (Tex. App.ÂAustin Apr. 18, 2008, order) (not designated for publication).Â 
The court stated, ÂThis decision is not a final determination on the merits and
does not foreclose Vallejo from presenting this argument on appeal. Â This order
only affirms the trial courtÂs finding that the appeal is frivolous, which
denies him the right to a free record on appeal.ÂÂ  Id.

Â Â Â Â Â Â Â Â Â Â Â  However, most courts which have
affirmed such frivolousness determinations have contemporaneously affirmed the
underlying decree. Â See, e.g., In
re B.P., No. 04-07-00695-CV, 2008
WL 859255, at *2 (Tex. App.ÂSan Antonio Apr. 2, 2008, no pet. h.) (mem. op.); In
re R.A.P., No. 14-06-00109-CV, 2007 WL 174376, at *3 (Tex. App.ÂHouston [14th Dist.] Jan. 25, 2007, pet. denied) (mem. op.); K.D., 202 S.W.3d at 869.Â 
We believe this is the correct approach.

Â Â Â Â Â Â Â Â Â Â Â  By enacting section 263.405, the Legislature
established an intricate procedure for obtaining appellate review.Â  In addition
to establishing an expedited schedule, the statute serves three primary
functions: (1) it provides a procedure for establishing indigence on appeal,
subject to appellate review; (2) it provides a procedure for an initial
screening of the merits of the appeal by the trial court, subject to appellate
review; and (3) it provides a statutory preservation-of-error requirement.Â  See
In re R.J.S., 219 S.W.3d 623, 625-26 (Tex. App.ÂDallas 2007, pet. denied)
(discussing purposes of section 263.405).

Â Â Â Â Â Â Â Â Â Â Â  The first function is of concern only
in appeals by indigent parties.Â  The latter two apply to all appeals governed
by section 263.405.Â  Therefore, in every appeal governed by section 263.405,
the following procedures must be followed:

(1)Â Â Â Â Â Â Â  the appellant must file a statement of
points for appeal with the trial court within 15 days after the termination
decree is signed; see Tex. Fam.
Code Ann. Â§ 263.405(b)(2);

Â 

(2)Â Â Â Â Â Â Â  the trial court must hold a hearing
within 30 days after the decree is signed to determine whether the appeal is
frivolous; Id. Â§ 263.405(d)(3);

Â 

(3)Â Â Â Â Â Â Â  if the trial court determines that the
appeal is not frivolous, then the appellant may proceed with an appeal on the
merits of the issues presented in the statement of points;Â  Id. Â§ 263.405(i);

Â 

(4)Â Â Â Â Â Â Â  if the trial court determines that the
appeal is frivolous, then the appellant may appeal that determination; Id. Â§ 263.405(g); see also S.T., 239 S.W.3d at 454-55 (discussing procedures
for perfecting such an appeal).

Â 

The statute does not address what happens after an
appeal to determine whether the appeal is frivolous.Â  Rather, it provides that
Â[t]he appellate court shall render appropriate orders after reviewing the
records and appellate briefs, if any.ÂÂ  Tex.
Fam. Code Ann. Â§ 263.405(g).

Â Â Â Â Â Â Â Â Â Â Â  The
 San Antonio Court, after reversing a frivolousness determination, ordered the
parties to file briefs on the merits.Â  See In re M.N.V., 216 S.W.3d 833,
835 (Tex. App.ÂSan Antonio 2006), disp. on merits, 2007 WL 56605 (Tex.
App.ÂSan Antonio Jan. 10, 2007, no pet.) (mem. op).Â  The Fort Worth Court took
similar action in an order not designated for publication.Â  See In re P.L.S.,
No. 02-04-00402-CV, 2006 WL 2309594, at *1 (Tex. App.ÂFort Worth Aug. 10, 2006,
no pet.) (mem. op.) (describing previous order in which the court Âheld that
the trial court abused its discretion in finding Julie's appeal frivolous, we
reversed the order in part and allowed Julie to appeal from the trial court's
termination order.Â).Â  But what Âappropriate ordersÂ are available if the
frivolousness determination is affirmed?

Â Â Â Â Â Â Â Â Â Â Â  It must be remembered that the appeal
is limited to the issues presented in the statement of points.Â  See Tex. Fam. Code Ann. Â§ 263.405(i); In
re C.M., 208 S.W.3d 89, 92 (Tex. App.ÂHouston [14th Dist.] 2006, no pet.); In
re S.E., 203 S.W.3d 14, 15 (Tex. App.ÂSan Antonio 2006, no pet.); In re
D.A.R., 201 S.W.3d 229, 231 (Tex. App.ÂFort Worth 2006, no pet.).Â  Thus, if
a trial court determines that such an appeal is frivolous, the court
necessarily has determined that each of the issues presented in the statement
of points is frivolous.Â  To overcome this adverse determination and have an
appeal on the merits, the appellant must establish that a sufficient number of
the issues presented are not frivolous (i.e., have an arguable basis in law or in fact) as to warrant further review.

Â Â Â Â Â Â Â Â Â Â Â  Here, for example, because DonaldÂs
points challenge the factual sufficiency of the evidence, he must have
established at a minimum that none of his points challenging the sufficiency of
the evidence to support the predicate grounds for termination is frivolous.Â 
Having failed to make that showing, review on the merits could also be possible
if Donald established that his point challenging the sufficiency of the
evidence to support the best-interest finding is not frivolous.Â  Stated another
way, Donald must establish that the evidence is factually insufficient to
support: (1) any of the predicate grounds for termination; and/or (2) the
best-interest finding.

Â Â Â Â Â Â Â Â Â Â Â  However, we have determined that the
evidence is factually sufficient to support one of the predicate grounds for
termination, and Donald does not challenge the courtÂs best-interest finding in
this appeal.Â  Nor has Donald challenged the trial courtÂs determination that
his other three points alleging trial errors are frivolous.Â  Therefore, the
courtÂs determination that these points are frivolous stands, and Donald may
not circumvent the procedures established by section 263.405 to obtain
appellate review on the merits of these points, even if he does so at his own
expense.Â  See Moroch v. Collins, 174 S.W.3d 849, 861 (Tex. App.ÂDallas
2005, pet. denied) (unchallenged findings are binding on appeal); Cooper v.
Cooper, 176 S.W.3d 62, 64 n.1 (Tex. App.ÂHouston [1st Dist.] 2004, no pet.)
(same).

Conclusion

The court did not abuse its discretion by
determining that DonaldÂs appeal is frivolous insofar as he challenges the
factual sufficiency of the evidence to support the predicate ground for
termination that he engaged in conduct which endangered S.T.Âs physical and
emotional well-being.Â  Donald does not challenge the courtÂs finding that his
appeal is frivolous insofar as he challenges the factual sufficiency of the
evidence to support the courtÂs finding that termination of the parent-child
relationship is in S.T.Âs best interest.Â  Therefore, we affirm the order
determining that DonaldÂs appeal is frivolous and the underlying decree
terminating his parental rights.

Â 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring with note)*

Affirmed

Opinion delivered and
filed May 28, 2008

[CV06]

Â 

*Â Â Â Â Â Â Â Â Â Â  (ÂChief
Justice Gray concurs in the judgment to the extent that it determines the trial
court did not abuse its discretion in deciding that an appeal of the issues
raised in the statement of points was frivolous.Â  A separate opinion will not
issue.Â)









[1]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The Department of Family and
Protective Services instituted this suit on behalf of S.T. and her stepsister
B.T.Â  S.T. and B.T. have the same mother, Theresa Robinson, but different
fathers.Â  Neither Robinson nor the other father, Shaun Taylor, has appealed the
termination of their parental rights.Â  According to the testimony, Donald and
Shaun are not related.





[2]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The courtÂs original Finding
of Fact No. 5 recited in pertinent part, ÂThe Court finds the Petitioner has
proven grounds against Donald Taylor in paragraphs 1, 2, 3 and 6 of the First
Amended Petition filed June 4, 2007.Â

Â 





[3]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Donald included three
additional points in his original statement of points and one supplemental
point in a separate pleading, claiming: (1) he was denied effective assistance
of trial counsel; (2) the court abused its discretion by filing findings of
fact and conclusions of law before entry of judgment; (3) the court abused its
discretion by failing to appoint counsel under section 107.013 of the Family
Code; and (4) Âthe evidence is factually insufficient, and the findings in the
judgment are legally insufficient, to supportÂ the courtÂs finding that
termination is in S.T.Âs best interest.Â  Donald does not address these points
in his brief.





[4]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The trial court also
determined that Donald failed to establish indigence.Â  See Tex. Fam. Code Ann. Â§ 263.405(d)(2) (Vernon Supp. 2007).Â  We reversed that determination in a prior order and abated the appeal
for the trial court to appoint appellate counsel for Donald.Â  See In re S.T.,
239 S.W.3d 452, 457 (Tex. App.ÂWaco 2007, order) (per curiam).





[5]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The San Antonio Court derived
this test for frivolousness from the decision of the Supreme Court of the United States in Nietzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32,
104 L. Ed. 2d 338 (1989) (claim under 28 U.S.C. Â§ 1915 Âis frivolous where it
lacks an arguable basis either in law or in factÂ).

Â 





[6]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The Department also cites
several memorandum opinions in which the courts reached a similar conclusion.Â 
However, these opinions do not vary appreciably from the two decisions
mentioned hereinabove.Â  Therefore, we will not address them.Â  See Tex. R. App. P. 47.7 (ÂOpinions not
designated for publication by the court of appeals under these or prior rules
have no precedential value.Â).





[7]
Â Â Â Â Â Â Â Â Â Â Â Â Â  But see Paradigm Oil, Inc.
v. Retamco Operating, Inc., 161 S.W.3d 531, 539-40 (Tex. App.ÂSan Antonio
2004, pet. denied) (Âthe trial court cannot take judicial notice of testimony
from a previous proceeding at a subsequent proceeding unless the testimony is
admitted into evidence at the subsequent proceedingÂ).





[8]
Â Â Â Â Â Â Â Â Â Â Â Â Â  In Finding of Fact No. 21(b),
the court found that Donald Âengaged in conduct or knowingly placed the child
[S.T.] with persons who engaged in conduct which endangers the physical or
emotional well-being of the child.Â





[9]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Although the testimony
regarding DonaldÂs current charges indicates that he is charged with Âmere
possessionÂ of marihuana, the trial court could reasonably infer from the
trooperÂs testimony that Donald possessed marihuana with the intent to
distribute same.Â  Compare Tex.
Health & Safety Code Ann. Â§ 481.112(a) (Vernon 2003) (defining
delivery of a controlled substance as occurring when actor Âdelivers or
possesses with intent to deliver a controlled substanceÂ), with id. Â§ 481.120
(Vernon 2003) (defining delivery of marihuana as occurring only when actor
Âdelivers marihuanaÂ); see also Prather v. State, 238 S.W.3d 399, 402
(Tex. App.ÂHouston [1st Dist.] 2006, pet. refÂd) (evidence sufficient to prove
defendant possessed cocaine with intent to deliver where two bags of cocaine
were found in his pocket and one of those bags contained 16 smaller bags of
what appeared to be single-use amounts of cocaine).Â