Ysidro SEGOVIA, Appellant,

v.

**TEXAS DEPARTMENT OF PROTEC-
TIVE AND REGULATORY SER-
VICES, Appellee.**

No. 14–97–01363–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 29, 1998.

William B. Connolly, Houston, for appellant.

Patricia Lee Flenniken, Houston, Bruce S. Powers, Houston, for appellees.

Before LEE, J., and DRAUGHN and SMITH,*Senior Justices.

## OPINION

JOE L. DRAUGHN, Senior Justice (Assigned).

This is an action to terminate the parental rights of appellant, Ysidro Segovia, with regard to his son, J.S. The trial court found by clear and convincing evidence that the termination of the parent-child relationship was in the best interest of J.S. and further found that appellant: (1) knowingly placed or knowingly allowed J.S. to remain in conditions or surroundings which endangered the physical or emotional well-being of J.S.; and (2) was adjudicated to be criminally responsible for the death or serious injury of a child(ren).

On appeal, appellant alleges: (1) termination of parental rights without a showing that the parent's behavior actually caused injury to the child is unconstitutional; (2) there is no evidence, or alternatively, legally and factually insufficient evidence to support the trial court's findings that he knowingly endangered J.S.; and (3) there is no evidence, or alternatively, legally and factually insufficient evidence, that termination is in the best interest of J.S. We affirm.

## Background

In May 1995, appellant lived with his wife, Josefina Segovia, a.k.a. Josefina Gonzales ("Josefina"), and her two children. Josefina's daughter, Marlene, then four and one-

half years old, was taken to the emergency room at Texas Children's Hospital after a doctor at the Ben Taub Clinic discovered multiple injuries consistent with child abuse. The doctor who examined Marlene at Texas Children's Hospital concluded it was "one of the worse [sic] cases of child abuse [he had] seen in [his] many years of experience as a pediatrician and emergency room physician."

On January 12, 1996, appellant pled guilty to injury to a child by omission and was sentenced to ten years in the Texas Department of Criminal Justice, Institutional Division. Josefina pled guilty to injury to a child and was sentenced to 25 years in the Texas Department of Criminal Justice, Institutional Division.

Here, the trial court ordered the parent-child relationship between appellant and J.S. terminated because appellant allowed the newborn J.S. to remain with his mother, Josefina, who had been accused of injuring her daughter, thus violating TEX. FAM.CODE ANN. § 161.001(1)(D) (Vernon Supp.1998). Additionally, the trial court ruled that appellant's criminal omission in not protecting his stepdaughter from injuries inflicted by her mother was grounds for termination of his parental rights under TEX. FAM.CODE ANN. § 161.001(1)(L)(ix) (Vernon Supp.1998).[1]

## Analysis

### Sufficiency of the evidence

 We will first address appellant's claims that there is legally and factually insufficient evidence to support the trial court's findings that appellant knowingly endangered J.S. and that termination is in the best interest of J.S. Termination of parental rights must be supported by clear and convincing evidence. See In the Interest of G.M., 596 S.W.2d 846, 847 (Tex.1980). The clear and convincing standard is an intermediate standard of proof, falling somewhere between the preponderance standard used in ordinary civil proceedings and the reasonable

---

* Senior Justices Joe L. Draughn and Jackson B. Smith, Jr., sitting by assignment.

1. At trial, this action was to terminate the parental rights of appellant, Josefina, and the alleged biological fathers of Josefina's other two children

with respect to all three of her children (Omar, Marlene, and J.S.). This appeal only addresses the termination of the parent-child relationship between appellant and J.S.

doubt standard used in criminal proceedings. *See id.* This standard is defined as "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *State v. Addington,* 588 S.W.2d 569, 570 (Tex.1979) (per curiam).

■ When both legal and factual insufficiency challenges are raised on appeal, the court must first examine the legal sufficiency of the evidence. *See Glover v. Tex. Gen. Indem. Co.,* 619 S.W.2d 400, 401 (Tex.1981) (per curiam). In reviewing a challenge to the legal sufficiency of the evidence, an appellate court considers only the evidence and inferences tending to support the trial court's findings and disregards all evidence and inferences to the contrary. *See Weirich v. Weirich,* 833 S.W.2d 942, 945 (Tex.1992). In reviewing the factual sufficiency of the evidence, we must consider all the evidence and should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986) (per curiam). "The clear and convincing standard of proof required to terminate parental rights does not alter the appropriate standard for appellate review." *D.O. v. Texas Dep't of Human Servs.,* 851 S.W.2d 351, 353 (Tex.App.—Austin 1993, no writ).

■ Appellant claims there was insufficient evidence to support the finding that he knowingly placed or knowingly allowed J.S. to remain in circumstances which endangered the child's physical or emotional well-being. Assuming, without conceding, that this is true, it is inconsequential to the outcome of this case. Appellant does not challenge the trial court's finding that his criminal responsibility for the serious injury of a child due to the abandonment or endangerment proscribed in TEX. PENAL CODE § 22.041 would also justify termination of the parent-child relationship. If a judgment is otherwise correct upon the merits, it will not

be reversed because the trial court grounded it upon incorrect legal reasons. *See Vandever v. Goettee,* 678 S.W.2d 630, 635 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). In other words, whatever error the trial court may have committed in basing the termination of the parent-child relationship on section 161.001(1)(D) is rendered harmless because there are other grounds under section 161.001(1)(L) which justify termination of appellant's parental rights. We overrule appellant's second point of error.

■ Appellant also claims that there is no evidence, or alternatively, insufficient evidence to support the trial court's finding that termination of his parental rights is in the best interest of J.S. We disagree. Ignoring for the moment that both of his parents pled guilty to injury to another child, J.S. was removed from his parents' custody when he was five days old. He has never had a meaningful relationship with either of his parents. Assuming appellant serves his full sentence, it will be at least ten years until J.S. can live with either of his parents. The record reflects that J.S. has been in foster care nearly his entire life and enjoys a stable family environment. Appellant introduced no evidence that anyone, family members or others, could properly provide for the physical and emotional well being of J.S. until appellant was released from prison and could properly provide for J.S. We agree with the trial court that it is in the best interest of J.S. that appellant's parental rights be terminated. We overrule appellant's third point of error.[2]

*Constitutionality of the lack of requirement of some evidence establishing a causal link between appellant's behavior and actual injury to a child*

■ In his first point of error, appellant contends that the termination of his parental rights was not supported by a casual connection between his behavior and any actual endangerment or harm to J.S. Appellant fur-

---

2. We overrule appellant's motion to strike record references by TDPRS to testimony concerning photographs that were never offered into evidence. The appellate record consists of the clerk's record and, if necessary to the appeal, the

reporter's record. *See* TEX R.APP. P. 34.1. The reporter's record of the trial contains testimony to the photographs, which was not objected to on any ground.

ther claims that a standard of proof which does not require causation between behavior and endangerment or injury is unconstitutional.

Appellant directs our attention to *Boyd v. Texas Dep't of Human Servs.*, 715 S.W.2d 711, 715 (Tex.App.—Austin 1986), *rev'd, Texas Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531 (Tex.1987). The Austin Court of Appeals held that endangerment must be established independently and is not inferrable from evidence of parental misconduct alone. 715 S.W.2d at 716. The supreme court disagreed, however, and expressly disapproved both the court of appeals' definition of "danger" and its holding that danger cannot be inferred from misconduct. 727 S.W.2d at 533.

■ We need not rule on the constitutionality of the supreme court's reading of section 161.001(1)(D), however, for two reasons. First, appellant raised this constitutional challenge for the first time on appeal. A constitutional challenge not raised properly in the trial court is waived on appeal. *Johnson v. Lynaugh*, 800 S.W.2d 936, 939 (Tex. App.—Houston [14th Dist.] 1990, writ denied). Second, on the facts of this case, we see nothing that would make it an exception to the Texas Supreme Court's interpretation of section 161.001(1)(E), by which we, as an intermediate appellate court, are bound.[3]

We affirm the judgment of the trial court.

---

3. Appellant claims that reversal is required by *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). There, the Supreme Court held that the United States Constitution requires at least "clear and convincing evidence" standard of proof to require a fair balance between the rights of the natural parents and a state's legitimate concerns. *Id.* at 769–70, 102 S.Ct. 1388. The Texas statute requires "clear and convincing evidence." Tex Fam.Code Ann. § 161.001 (Vernon Supp.1998).