TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00505-CV


NO. 03-98-00506-CV







Carmen Leon, Appellant



v.



Texas Department of Protective and Regulatory Services, Appellee







FROM THE DISTRICT COURTS OF HAYS COUNTY, 22ND & 207TH JUDICIAL DISTRICTS


NOS. 98-0006 & 94-0789, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING








 Carmen Leon is the mother of nine children; her parental rights to her six younger
children were terminated in two consolidated cases. (1) Leon brings these two appeals complaining
of inadequate notice, amendment to the pleadings after trial, denial of her motion for continuance,
ineffective assistance of counsel, and insufficient evidence of the grounds for termination and the
trial court's finding that termination is in the best interest of the children. We will affirm the trial-court decrees.


BACKGROUND


 Ms. Leon is thirty-two years old. In addition to the six children involved in these
appeals, she is the mother of three other children: one child died while in her care, possibly of
medical neglect, and she voluntarily gave up custody of the two other living children. One of
these six children was born with fetal alcohol syndrome and the youngest of the six, whose father
is unknown, was born while Ms. Leon was in prison. Ms. Leon admits that she is an alcoholic,
and the record establishes her history as the victim of an abusive relationship.

 In October 1994, Kyle police officers responded to a domestic violence call
involving Ms. Leon and her boyfriend, Ramiro Rodriguez, Sr., who is the father of two of her
children. The Department took possession of Maria, Christopher, Andrew, and Irene at that time,
and they have remained in the Department's care ever since. Later, Ramiro Rodriguez, Jr. was
born with fetal alcohol syndrome, was removed from appellant's care, and the original petition
was amended to address this fifth child as well.

 In response to this October 1994 incident, Ms. Leon was charged with injury to a
child for failing to protect her children from Mr. Rodriguez. She pleaded guilty to this charge and
was placed on three years' probation on the condition that she undergo alcohol treatment. She
failed to show up at the treatment facility and was "on the run" for eight months, during which
time her whereabouts were unknown to the Department or the police. When she was caught, her
probation was revoked and she was sentenced to three years' imprisonment. The sixth child,
Chasidy, was born while Ms. Leon was in prison; the infant was removed from appellant's care
at birth and made the subject of a separate suit for termination that is the second cause involved
in this appeal. In addition to the conviction for injury to a child, Ms. Leon has been arrested once
for driving while intoxicated and numerous times for public intoxication.


DISCUSSION


Procedural Complaints

 In her first three points of error, Ms. Leon complains that she was not given
adequate notice of the hearing on termination, and that the trial court abused its discretion in
granting the Department's motion for a trial amendment and in failing to grant her motion for a
continuance. We will address these procedural complaints together.

 The trial was held on May 12, 1998. On March 13, 1998, Ms. Leon received a
motion for a trial setting on April 30, 1998. This was the fifth time this matter had been scheduled
for a hearing on termination. (2) Ms. Leon complains that the notice she received was inadequate
because it referred to a hearing rather than to a trial. The motion stated that there would be a
hearing "for the purpose of a Permanency Hearing and a Hearing on the Merits for Termination." 
When the court changed the date to May 12, it sent a notice stating, "The hearing will take
approximately 2 (Hours) Memo: TRIAL ON THE MERITS." A trial court may reset a trial by
giving the party or her attorney reasonable notice. Tex. R. Civ. P. 245. Ms. Leon complains that
the initial notice, lacking the word "trial," was improper and ambiguous. However, the Family
Code refers to the termination trial variously as a "final hearing on the merits," a "trial," and a
"hearing." Tex. Fam. Code Ann. §§ 161.202, .2011(a), .003(c), .004(b) (West 1996 & Supp.
1999). We reject appellant's contention that she did not receive adequate notice of the nature and
purpose of the hearing.

 Additionally, Ms. Leon asserts that the notice was given only in the suit concerning
the five older children. A termination hearing had been previously set four times in the cause
concerning these five children. The youngest child, Chasidy Leon, was born January 6, 1998; she
was the subject of a separate cause that had not previously been set for a hearing on termination. 
However, the parties have handled both cases together since Chasidy was removed, the hearings
scheduled for April 30, 1998 addressed both causes, the court's appointed special advocate filed
one report for both causes, and appellant did not object to addressing the issues involving Chasidy
at the May 12, 1998 hearing. We find that appellant received sufficient timely notice of the
termination hearing concerning all six of the children and overrule the first point of error.

 On May 12, 1998, appellant's attorney pointed out that a page was missing from
the second amended petition in the first cause and that there was no allegation that it would be in
the best interest of the child Ramiro to terminate Ms. Leon's parental rights. In response, the trial
court permitted the Department to amend the pleadings to include this allegation. In her second
point of error, appellant claims that the trial court erred in allowing the amendment.

 The trial court has wide discretion in granting a trial amendment and the objecting
party must show surprise or prejudice before such a request shall be denied. See Tex. R. Civ. P.
66. If "during the trial any defect, fault or omission in a pleading, either of form or substance,
is called to the attention of the court, the court may allow the pleadings to be amended and shall
do so freely when the presentation of the merits of the action will be subserved thereby." Id. The
amendment should be allowed unless the objecting party satisfies the court that the amendment
would prejudice her in maintaining the action or a defense upon the merits. See id. There was
no surprise or prejudice to appellant. The original petition in the cause involving four of the older
children alleged that termination would be in the children's best interest as early as October 1994. 
This petition was amended to included the fifth child Ramiro, born with fetal alcohol syndrome
(it is this amendment that is missing reference to "best interest of this child"). The second cause,
involving the infant Chasidy born in prison, also alleges that termination of Chasidy's relationship
with her mother would be in the child's best interest. The trial amendment made the pleadings
concerning Ramiro conform to the rest of the pleadings; it did not operate to surprise or prejudice
Ms. Leon when trial began on May 12, 1998. We hold that the trial court did not abuse its
discretion in granting the trial amendment and overrule the second point of error.

 Finally, Ms. Leon alleges error in the trial court's failure to grant her motion for
continuance on April 27, 1998. We will not disturb the trial court's denial of a motion for
continuance unless the record reflects a clear abuse of discretion. See Villegas v. Carter, 711
S.W.2d 624, 626 (Tex. 1986); J.E.M. v. Fidelity & Cas. Co., 928 S.W.2d 668, 676 (Tex.
App.--Houston [1st Dist.] 1996, no writ). Ms. Leon complains of lack of time to confer with her
attorney. However, appellant was brought from prison to Hays County on a bench warrant on or
about April 22, approximately twenty days before the hearing on May 12. At the hearing, her
attorney testified that he had adequate time to confer with his client but suggested that if the trial
court would put off the trial until his client was released from prison, allegedly in June 1998, she
would then have a chance to take the parenting classes necessary for her to be reunited with her
children. In light of appellant's track record of not providing a suitable home for any of her nine
children during the entire period of her motherhood, and her previous failures to cooperate with
the Department since October 1994 in pursuing parenting classes or alcohol treatment, we hold
that the trial court did not abuse its discretion in denying the motion for a continuance until
appellant was out of jail. See Rodriguez v. Dep't of Human Servs., 737 S.W.2d 25, 28 (Tex.
App.--El Paso 1987, no writ). This termination hearing had been postponed five times. The
future of these children had been in limbo since October 1994 or since their birth. The trial court
could have determined that further delay was not in the children's best interest. We overrule the
third point of error.


Sufficiency of the Evidence

 The trial court found by clear and convincing evidence that Ms. Leon knowingly
placed or knowingly allowed her children to remain in conditions or surroundings that endangered
their physical or emotional well-being, and that termination would be in the best interest of the
children. In points of error four and five, appellant challenges the sufficiency of the evidence to
support these findings. It is not clear whether appellant challenges the legal sufficiency or factual
sufficiency of the evidence; we will therefore review the evidence under both standards in the
interest of justice. See Tex. R. App. P. 38.9; Gregory v. Sunbelt Sav., F.S.B., 835 S.W.2d 155,
157 n.2 (Tex. App.--Dallas 1992, writ denied).

 In reviewing a legal sufficiency challenge, we consider all the evidence in the light
most favorable to the prevailing party, indulging every reasonable inference in that party's favor. 
See Associated Indem. Corp. v. CAT Contracting, 964 S.W.2d 276, 285-86 (Tex. 1998). We will
uphold the finding if more than a scintilla of evidence supports it. See Burroughs Wellcome Co.
v. Crye, 907 S.W.2d 497, 499 (Tex. 1995); Seideneck v. Cal Bayreuther Assocs., 451 S.W.2d
752, 755 (Tex. 1970); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951). The evidence
supporting a finding amounts to more than a scintilla if reasonable minds could arrive at the
finding given the facts proved in the particular case. See Crye, 907 S.W.2d at 499; Transportation
Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex. 1994). In conducting a factual sufficiency review,
we consider and weigh all the evidence and set aside the judgment only if it is factually so weak
or so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. See
Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); King's Estate, 244 S.W.2d at 661; see generally
William Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" and "Insufficient Evidence,"
69 Tex. L. Rev. 515 (1991).

 We first address appellant's complaint that there is no evidence that she knowingly
placed the infant born in prison in conditions or surroundings that endangered her well-being
because Chasidy was removed at birth from this prison environment "that was warm, clean, and
where her physical needs would have been met." Perhaps in relation to the other environments
she had provided for her children, appellant viewed prison as a safe and nurturing environment
for an infant. That does not speak well of Ms. Leon's ability to provide a suitable environment
for her children.

 Imprisonment of a parent, of and by itself, does not constitute conduct that
endangers a child's well-being. See In re Guillory, 618 S.W.2d 948, 950 (Tex. App.--Houston
[1st Dist.] 1981, no writ). However, this record is replete with evidence of Ms. Leon's acts and
omissions that created dangerous situations for her other children. Evidence of a parent's
conviction and a parent's addiction can sustain a finding that a parent has engaged in conduct that
endangers a child's emotional and physical well-being. See id. Abusive conduct to one child will
suffice to terminate parental rights to another child. See Lucas v. Texas Dep't of Protective and
Regulatory Servs., 949 S.W.2d 500, 503 (Tex. App.--Waco 1997, pet. denied). The trial court
found: (1) that Ms. Leon had a baby who died due to her medical neglect; (2) that she had been
convicted of injury to a child; (3) that she was out of contact with the Department for an eight-month period while the Department maintained care and custody of her children; (4) that one child
who was a subject of this suit was born with fetal alcohol syndrome; (5) that Ms. Leon failed to
report for in-patient alcohol treatment ordered as a condition of her probation; and (6) that she
became a fugitive for eight months before she was arrested and sentenced to three years in prison. 
Furthermore, the trial court found that the Department had made reasonable and consistent efforts
to work with Ms. Leon. There was evidence that Ms. Leon was initially uncooperative with the
Department, that she had not visited with the older children since April 1996, and that she was
unable to provide a suitable or stable environment for any of her children. We find that legally
and factually sufficient evidence supports the grounds for termination and overrule the fourth point
of error.

 In her fifth point of error appellant challenges the trial court's conclusion that it is
in the best interest of these children that Ms. Leon's parental rights be terminated. There was
clear and convincing evidence of Ms. Leon's inability to provide a stable and safe home for her
children that would support their emotional and physical well-being. Reviewing the factors set
forth in Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976), we find evidence that (1) one
child asked the Department to terminate her relationship with appellant; (2) Ms. Leon's history
of addiction and domestic abuse posed a past and future danger to her children; and (3) Ms. Leon's
inability to remain in an alcohol-treatment program or attend parenting classes that were offered
left her without any effective plans for learning to care for her children. Furthermore, appellant
introduced no evidence that anyone, family members or others, could properly provide for the
children's physical and emotional well being until she was released from prison. See Segovia v.
Texas Dep't of Protective and Regulatory Servs., 979 S.W.2d 785, 787 (Tex. App.--Houston
[14th Dist.] 1998, pet. denied).

 The caseworker assigned to these children testified that they had been in limbo for
almost four years waiting for their mother to address her alcohol addiction, and that they needed
permanency, hopefully leading to adoption. The ad-litem appointed to represent the interests of
the children testified in favor of termination. This evidence is legally and factually sufficient to
support the trial court's conclusion that termination was in the best interest of the six children. 
We overrule the fifth point of error.


Ineffective Assistance

 Finally, appellant complains that she received ineffective assistance of counsel that
violated her due process rights. Because the right to effective assistance of counsel is limited to
defendants in criminal cases, litigants in parent-child termination proceedings are not entitled to
this protection. See Arteaga v. Texas Dep't of Protective and Regulatory Servs., 924 S.W.2d 756,
762 (Tex. App.--Austin 1996, writ denied); Krasniqi v. Dallas County Child Protective Servs.
Unit, 809 S.W.2d 927, 932 (Tex. App.--Dallas 1991, writ denied), cert. denied, 503 U.S. 1006
(1992); Howell v. Dallas County Child Welfare Unit, 710 S.W.2d 729, 734-35 (Tex. App.--Dallas
1986, writ ref'd n.r.e.), cert. denied, 481 U.S. 1018 (1987). Appellant cites no authority
supporting her suggestion that such a right exists in cases involving termination, and we have
found only authority to the contrary. Even if there were such a right, in view of this record we
do not believe that appellant could prevail under the two-pronged test set forth in Strickland v.
Washington, 466 U.S. 668, 687 (1984). We overrule the sixth point of error.


CONCLUSION


 Having overruled all of appellant's points of error, we affirm the trial-court decrees
terminating Ms. Leon's parental rights to the six named children.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: April 1, 1999

Do Not Publish
1. Cause No. 94-0789 concerned five children ages 20 months to 15 years: Ramiro Rodriguez,
Jr., Maria Antonia Leon, Adrian Christopher Leon, Ashfin Andrew Sustaita, and Irene Shanta
Velasquez. In that cause the trial court terminated the parental rights of Ms. Leon and of three
alleged fathers: Ramiro Rodriguez, Sr., Oswaldo Leon, and Susana Habbie. Cause No. 98-0006
concerned a five month old infant, Chasidy Leon, whose father was unknown. In that cause the
trial court terminated the parental rights of Ms. Leon. Only Ms. Leon appeals the termination of
the parent-child relationships.
2. Litigants are entitled to not less than forty-five days' notice of the first trial setting. See Tex.
R. Civ. P. 245.



tors set
forth in Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976), we find evidence that (1) one
child asked the Department to terminate her relationship with appellant; (2) Ms. Leon's history
of addiction and domestic abuse posed a past and future danger to her children; and (3) Ms. Leon's
inability to remain in an alcohol-treatment program or attend parenting classes that were offered
left her without any effective plans for learning to care for her children. Furthermore, appellant
introduced no evidence that anyone, family members or others, could properly provide for the
children's physical and emotional well being until she was released from prison. See Segovia v.
Texas Dep't of Protective and Regulatory Servs., 979 S.W.2d 785, 787 (Tex. App.--Houston
[14th Dist.] 1998, pet. denied).

 The caseworker assigned to these children testified that they had been in limbo for
almost four years waiting for their mother to address her alcohol addiction, and that they needed
permanency, hopefully leading to adoption. The ad-litem appointed to represent the interests of
the children testified in favor of termination. This evidence is legally and factually sufficient to
support the trial court's conclusion that termination was in the best interest of the six children. 
We overrule the fifth point of error.


Ineffective Assistance

 Finally, appellant complains that she received ineffective assistance of counsel that
violated her due process rights. Because the right to effective assistance of counsel is limited to
defendants in criminal cases, litigants in parent-child termination proceedings are not entitled to
this protection. See Arteaga v. Texas Dep't of Protective and Regulatory Servs., 924 S.W.2d 756,
762 (Tex. App.--Austin 1996, writ denied); Krasniqi v. Dallas County Child Protective Servs.
Unit, 809 S.W.2d 927, 932 (Tex. App.--Dallas 1991, writ denied), cert. denied, 503 U.S. 1006
(1992); Howell v. Dallas County Child Welfare Unit