Opinion issued December 16, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00984-CV

———————————

Creekstone Community Assn., Inc., Appellant

V.

Houston
Housing Authority, Individually and DBA Housing Authority of the City of
Houston, Appellee



 



 

On Appeal from the 127th District Court

Harris County, Texas



Trial Court Case No. 2007-75007

 



 

MEMORANDUM OPINION

          Appellant,
the Creekstone Community Association (“Creekstone”), appeals the trial court’s
interlocutory order granting the Houston Housing Authority’s (“the Authority”)
plea to the jurisdiction.  See Tex.
Civ. Prac. & Rem. Code § 51.014(a)(8).  In its sole issue, Creekstone contends the
trial court erred in granting the Authority’s plea to the jurisdiction.

          We
affirm.

BACKGROUND

The Authority is a governmental
entity organized pursuant to Chapter 392 of the Texas Local Government Code.[1]  In September 1988, the Authority purchased
real property (“the property”) from the United States Department of Housing and
Urban Development (“HUD”).  The property
is the subject of this suit and is located in Katy, Texas in the Creekstone
Section One Subdivision (“the Subdivision”). 
Creekstone is the homeowners’ association that governs the Subdivision.

In December 2007, Creekstone
brought suit against the Authority seeking permanent injunctive relief.  In its petition, Creekstone alleged that the
property was subject to particular covenants outlined in a Declaration of
Covenants filed at the Property Records of Harris County.  It alleged that when the Authority bought the
property, it executed a special warranty deed that stated the Authority took
the property “subject to and as affected by [ ] all covenants, easements,
restrictions, conditions and rights appearing in the record.”  It further alleged that the Authority had
failed to maintain the property in accordance with these covenants and that it
had, therefore, breached the Declaration of Covenants.  In addition to permanent injunctive relief,
Creekstone sought attorney’s fees and costs of court, civil damages pursuant to
section 202.004(c) of the Texas Property Code,[2] and post judgment
interest.  

The Authority responded to
Creekstone by asserting the affirmative defense of governmental immunity in its
First Amended Original Answer and Affirmative Defenses.  The Authority filed a plea to the
jurisdiction asserting that the trial court lacked subject-matter jurisdiction to
adjudicate Creekstone’s claims because it had governmental immunity from suit
and liability.  It further asserted that
Creekstone had failed to identify a statutory waiver of the Authority’s
immunity from suit that would vest the trial court with subject-matter
jurisdiction.

On April 30, 2009, the trial court
held an oral hearing regarding the Authority’s plea to the jurisdiction.  During the oral hearing, the trial court
ordered Creekstone to file a response to the Authority’s plea by close of
business on May 12, 2009.  Creekstone did
not respond by May 12, and on May 13, the trial court granted the Authority’s
plea to the jurisdiction, dismissing the case in its entirety for lack of
subject-matter jurisdiction.  Creekstone
subsequently filed its response to the Authority’s plea on May 14.  

Creekstone filed a motion for new
trial.  It asserted the trial court
should grant a new trial because there was no evidence before the trial court
to demonstrate that the Authority was a governmental entity and Creekstone had
not been given an opportunity to amend its petition so it could plead and prove
waiver of immunity.  The trial court
granted Creekstone’s motion for new trial and withdrew its May 13 order. 

The trial court then reconsidered
Creekstone’s response to the Authority’s plea to the jurisdiction.  In Creekstone’s response, it asserted that
its own pleadings did not provide a basis for concluding that the Authority was
a governmental entity.  Next, it asserted
that chapter 271 of the Texas Government Code provided an explicit waiver of
governmental immunity for governmental entities that entered into contracts for
services, and that, even if the Authority was a governmental entity, it had
waived immunity from suit by executing the special warranty deed that it
contended was a contract for services.  

On July 27th, the trial court again
granted the Authority’s plea to the jurisdiction and dismissed Creekstone’s
suit for lack of subject-matter jurisdiction. 
The Order made the following findings of fact and conclusions of law:

(1)     As demonstrated by [the Authority’s]
affidavit and by the Court taking judicial notice, [the Authority] is a
governmental entity organized pursuant to Chapter 392 of the Texas Local
Government Code.

 

(2)     Governmental immunity protects [the
Authority] from suit and liability unless immunity has been waived by clear and
unambiguous statutory language.

 

(3)     The limited waiver of immunity from suit
contained in Section 271.152 of the Texas Local Government Code does not apply
to [the Authority’s] purchase of the real property at issue by special warranty
deed.

 

(4)
    [Creekstone] and [the Authority] did
not enter into a contract as that term is defined by Section 271.151(2) of the
Texas Local Government Code; thus, the limited waiver of immunity from suit
contained in Section 271.152 of the Texas Local Government Code does not apply.

 

(5)     A restrictive covenant is not a contract as
that term is defined by Section 271.151(2) of the Texas Local Government code;
thus, the limited waiver of immunity from suit contained in Section 271.152 of
the Texas Local Government code does not apply to [Creekstone’s] Declaration of
Covenants, Conditions and Restrictions (the restrictive covenants).

 

(6)     [The Authority] did not waive its immunity
to suit and liability for any of [Creekstone’s] claims.

 

(7)
    This Court is without subject-matter
jurisdiction to adjudicate any of [Creekstone’s] claims against [the
Authority].

 

After the trial court signed its order, Creekstone
filed a second motion for new trial. 
Creekstone’s second motion for new trial was overruled by operation of
law.

THE AUTHORITY’S PLEA TO THE JURISDICTION

On appeal, Creekstone does not
raise a point of error regarding the trial court’s order.  However, the rules of appellate procedure and
applicable case law require us to construe briefing rules liberally.  See Republic
Underwriters Ins. Co. v. Mex-Tex, Inc., 150 S.W.3d 423, 427 (Tex. 2004); see also Tex. R. App. P. 38.9. 
Although not assigned as a specific issue, Creekstone raised in its
brief the contention that the “[Authority] is not entitled to immunity from
suit with regard to [its] claims.”   We
interpret Creekstone’s argument as contending the trial court erred in granting
the Authority’s plea to the jurisdiction because it was not entitled to
immunity from suit with regard to Creekstone’s claims.

A.      Standard of
Review

Subject-matter jurisdiction is an
essential prerequisite to a court’s authority to resolve a suit.  See
Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 637 (Tex. 1999).  In a suit against a governmental entity, it
is the plaintiff’s burden to affirmatively demonstrate the court’s
subject-matter jurisdiction by alleging a valid waiver of immunity.  DART v.
Whitley, 104 S.W.3d 540, 542 (Tex. 2003). 
Unless a plaintiff meets his burden of establishing the court’s
jurisdiction, the court is without power to hear a case.  See id.
at 543, 544.  

Governmental immunity from suit is
properly asserted in a plea to the jurisdiction.  See
Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225–26 (Tex.
2004).  In filing a plea to the
jurisdiction, a litigant challenges the trial court’s subject-matter
jurisdiction.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  In order to prevail, the party asserting the
plea must show that, even if all the allegations in the plaintiff’s pleadings
are taken as true, there is an incurable jurisdictional defect apparent from
the face of the pleadings, rendering it impossible for the plaintiff’s petition
to confer jurisdiction on the trial court. 
Rylander v. Caldwell, 23
S.W.3d 132, 135 (Tex. App.—Austin 2000, no pet.).   

Because subject-matter jurisdiction
is a question of law, we conduct a de novo review of the trial court’s ruling
on the plea.  See Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  Upon review, we consider the pleadings and
the evidence pertinent to the jurisdictional inquiry.  County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).  We do not consider the merits of the case; our
jurisdiction is limited to reviewing the grant or denial of the plea to the
jurisdiction that was filed.  Id.; see
also Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(a)(8) (Vernon Supp. 2010); First Trade Union Sav. Bank, 133 S.W.3d at 686–87; Brenham Hous. Auth. v. Davies, 158
S.W.3d 53, 61 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  We do not have jurisdiction to consider
grounds outside those raised in the plea to the jurisdiction.  First
Trade Union Sav. Bank, 133 S.W.3d at 687; Davies, 158 S.W.3d at 61.

B.      Immunity

          Governmental
immunity has two components: immunity from suit and immunity from
liability.  Tooke v. City of Mexia, 197 S.W.3d 325, 332 (Tex. 2006).  Immunity from suit bars suit against a
government entity altogether.  Id. 
When a political subdivision of the state is immune from suit under the
doctrine of governmental immunity, a court lacks subject-matter jurisdiction
over the suit.  Tex. Dep’t of Transp., 8 S.W.3d at 638.  Immunity from suit can be waived only by
statute or legislative resolution.  Federal Sign v. Tex. So. Univ., 951
S.W.2d 401, 405 (Tex. 1997).  

Immunity from liability protects
government agencies and officials from judgment even if immunity from suit has
been waived.  Tex. Dep’t of Transp., 8 S.W.3d at 638.  A governmental unit waives its immunity from
liability when it contracts with a private citizen.  See
Federal Sign, 951 S.W.2d at 408.  

C.      Statutory
Interpretation

We review the trial court’s
interpretation of applicable statutes de novo.  See Johnson
v. City of Fort Worth, 774 S.W.2d 653, 655–56 (Tex. 1989).  In our review, we look to pertinent
legislative enactments to determine the extent to which immunity has been
voluntarily relinquished.  See Mission Consol. Indep. Sch. Dist. v.
Garcia, 253 S.W.3d 653, 655 (Tex. 2008).  We interpret statutory waivers of immunity
narrowly, as the Legislature’s intent to waive immunity must be clear and
unambiguous.  Id.; see also Tex. Gov’t Code Ann. § 311.034
(Vernon Supp. 2010) (“[A] statute shall not be construed as a waiver of
sovereign immunity unless the waiver is effected by clear and unambiguous
language.”).  Use of words like “sue and
be sued,” as found in statutes such as section 392.065(1) of the Local
Government Code, are not words in and of themselves that waive immunity from
suit.  See Tooke, 197 S.W.3d at 328–29; see also Tex. Loc. Gov’t
Code Ann. § 392.065(1) (Vernon 2005) (“A[] [housing] authority may:
(1) sue and be sued.”).                                                                                                                     

In construing a statute, our
objective is to determine and give effect to the Legislature’s intent.  See Nat’l
Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000).  If possible, we must ascertain that intent
from language the Legislature used in the statute and not look to extraneous
matters for an intent the statute does not state.  Id.  If the meaning of the statutory language is
unambiguous, we adopt the interpretation supported by the plain meaning of the
provision’s words.  St. Luke’s Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997).
 We must not engage in a forced or
strained construction; instead, we must yield to the plain sense of the words
the Legislature chose.  See id.

D.      Analysis

In its Original Petition for
Permanent Injunction, Creekstone asserted that the Authority had substantially
breached the Declaration of Covenants. 
In its response to the Authority’s plea to the jurisdiction, Creekstone
also asserted the Authority had waived immunity because it “entered into
written contracts pursuant to the authority of Chapter 271 in the form of both
the Special Warranty Deed and the Declaration [of Covenants].”  

 Section 271.152 of the Texas Local Government
Code provides for a limited waiver of immunity from suit as to certain contract
claims:

A local government entity
that is authorized by statute or the constitution to enter into a contract and
that enters into a contract subject to this subchapter waives sovereign
immunity to suit for the purposes of adjudicating a claim for breach of
contract, subject to the terms and conditions of this subchapter.

 

Tex. Loc. Gov. Code Ann. § 271.152
(Vernon 2005).  For the entity to waive
immunity from suit as to contract claims under section 271.152, the following
statutory criteria must be satisfied:  

(1) the entity must be “[a]
local governmental entity that is authorized by statute or the constitution to
enter into a contract.”

 

(2)
The entity must enter into a “contract subject to this subchapter.”

 

(3) The claim must be for
breach of the contract and be asserted in a civil suit in “county or state
court” or in an “authorized arbitration proceeding” in accordance with any
“mandatory procedures established in the contract . . . for the arbitration
proceedings.”

 

See id. § 271.152; Clear Lake City Water Auth. v. Friendswood Dev. Co., 256 S.W.3d 735,
746 (Tex. App.—Houston [14th Dist.] 2008, pet. dism’d).  The term “contract subject to this
subchapter” means:

[A] written contract stating
the essential terms of the agreement for providing goods or services to the
local governmental entity that is properly executed on behalf of the local
governmental entity.

 

See id. § 271.151(2)
(Vernon 2005).  

          Assuming
the first and third criteria of section 271.152 are satisfied, Creekstone has
still failed to meet the second criterion because neither the Declaration of
Covenants nor the Special Warranty Deed qualifies under section 271.151(2) as a
written contract related to the provision of goods and services.  See
id. §§ 271.151(2), 271.152; Hoppenstein Props., Inc. v. McLennan County
Appraisal Dist., No. 10-09-00426-CV, 2010 WL 3272404, at *2 (Tex. App.—Waco
Aug. 18, 2010, no pet.) (mem. op.) (“A contract that involves an interest in
property, alone, is not an agreement to provide goods or services to a
governmental entity.”); City of San
Antonio v. Reed S. Lehman Grain, Ltd., No. 04-04-00930-CV, 2007 WL 274071,
at *2 n.2 (Tex. App.—San Antonio Jan. 31, 2007, pet. denied) (mem. op.) (noting
that easement dedication contract conveyed only interest in real property and
was not agreement for providing goods and services).  Because Creekstone did not bring an action
that provided a limited waiver of immunity from suit pursuant to section 271.152,
we conclude the trial court correctly granted the Authority’s plea to the
jurisdiction.  See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political
Subdivisions Prop./Casualty Joint Self-Ins. Fund, 212 S.W.3d 320, 327 (Tex.
2006) (stating that, for there to be waiver of immunity under section 271.152,
suit must be for breach of “a written contract stating the essential terms of
the agreement for providing goods or services to the local governmental entity
that is properly executed on behalf of the local governmental entity”).

          Creekstone
also makes the assertions that (1) it may obtain injunctive relief against the
Authority because it seeks to enforce restrictive covenants and not monetary
damages, (2) the Authority is not immune from suit because the Authority is not
involved in a governmental function, (3) the Authority waived immunity through
its conduct.  The record does not reflect
that Creekstone raised these arguments in the trial court.  It has, therefore, failed to preserve these
issues for our review.  See Tex.
R. App. P. 33.1; see also
Dreyer v. Greene, 871 S.W.2d 697, 698 (Tex. 1993) (“As a
rule, a claim, including a constitutional claim, must have been asserted in the
trial court in order to be raised on appeal.”); Holcombe v. Reeves County Appraisal Dist., 310 S.W.3d 86, 90 (Tex. App.—El
Paso 2010, no pet.) (“It is well settled that a party will not be permitted to
take a position on appeal that is not presented in the trial court.”).

          We
overrule Creekstone’s sole issue on appeal.

RULE 45 SANCTIONS

          In
its brief, the Authority contends that Creekstone’s appeal is frivolous and
requests monetary damages.  Rule 45 of
the Texas Rules of Appellate Procedure permits an appellate court to award a
prevailing party “just damages” for a “frivolous” appeal.  Tex.
R. App. P. 45; Smith v. Brown,
51 S.W.3d 376, 380 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).  In determining whether an appeal is
frivolous, we apply an objective test.  Smith, 51 S.W.3d at 381.  We review the record from the viewpoint of
the advocate and ask whether the advocate had reasonable grounds to believe the
judgment could be reversed.  Id. 
We exercise prudence and caution and deliberate most carefully before
awarding appellate sanctions.  Id. 

          After
reviewing the record and the arguments presented by the parties to the trial
court and in their appellate briefs, we hold that Creekstone’s appeal is not
frivolous.  We, therefore, deny the
Authority’s request for sanctions.




 

CONCLUSION

          We affirm the judgment of the
trial court.

 

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice

 

Panel
consists of Chief Justice Radack and Justices Massengale and Matthews.[3]

 

 











[1]           See
Tex. Loc. Gov’t Code Ann. §
392.006 (Vernon Supp. 2010).





[2]
          See Tex. Prop. Code Ann.
§ 202.004(c) (Vernon 2007) (“A court may assess civil damages for the violation
of a restrictive covenant in an amount not to exceed $200 for each day of the
violation.”).





[3]
          The Honorable Sylvia Matthews,
Judge of the 281st District Court of Harris 

County,
participating by assignment.